IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Design Gaps, Inc.; David Glover, *individually and Officer of Design Gaps, Inc.*; and Eva Glover, *Officer of Design Gaps Inc.* <br><br> Plaintiffs, <br> v. <br><br> Distinctive Design & Construction LLC, *d/b/a* Distinctive Design LLC; Bryan Reiss, *individually and President of Distinctive Design LLC*; Wendy Reiss, *individually and Vice President of Distinctive Design LLC*; Shelter, LLC, *d/b/a* as Shelter Custom-Built Living; Ryan Butler, *individually and Owner of Shelter Custom-Built Living*; Jenny Butler, *individually and Design Coordinator Shelter Custom-Built Living*; and Kacie M. Highsmith, *individually and as Trustee of the Kacie M. Highsmith Trust* <br><br> Defendants. | Civil No. 2:23-cv-00197-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendants' motion for attorneys' fees. (Dkt. No. 33). Plaintiffs opposed the motion (Dkt. No. 34), and Defendants replied. (Dkt. No. 35). For the reasons set forth below, the Court grants in part Defendants' motion for attorneys' fees.

I.   **Background**

On August 12, 2023, the Court granted in part Defendants' motions to dismiss. (Dkt. No. 29). First, the Court found that "res judicata bars Plaintiffs' claims for copyright infringement (claims 2-3); tortious interference with a contract (claim 11); defamation (claims 12-13); violation of SCUPTA (claim 14); and unjust enrichment (claim 16) against Defendants Shelter, Ryan Butler, Jenny Butler, and Kacie M. Highsmith." (*Id.* at 6). Second, the Court found that "collateral estoppel bars Plaintiffs' claims for copyright infringement (claim 1); violation of the Lanham Act (claim 6); tortious interference with a contract (claim 10); violation of SCUPTA (claim 14); South

1

Carolina Trade Secrets Act (claim 15); and unjust enrichment (claim 16) against Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss." (*Id.* at 11).

Thereafter, Defendants filed a motion requesting that "this Court issue an Order awarding Defendants' their attorneys' fees incurred defending *against the claims and allegations dismissed* by this Court." (Dkt. No. 33 at 1) (emphasis added). Plaintiffs opposed the motion (Dkt. No. 34), and Defendants replied. (Dkt. No. 35). This matter is ripe for the Court's review.

## II.     Legal Standard

"The recovery of attorney's fees is governed by the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *SIB Dev. & Consulting, Inc. v. Save Mart Supermarkets*, 271 F. Supp. 3d 832, 833 (D.S.C. 2017) (internal quotations and citations omitted).

"Arbitration is 'a matter of contract,' and courts 'must rigorously enforce arbitration agreements according to their terms.'" *Weckesser v. Knight Enters. S.E., LLC*, 735 F. App'x 816, 819 (4th Cir. 2018) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)). "Under South Carolina law, courts must, to whatever extent possible, enforce a contract as written." *Id.* "The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language . . . If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." *Schulmeyer v. State Farm Fire and Cas. Co.*, 353 S.C. 491, 579 (2003).

## III.    Discussion

A. <u>Defendants Shelter, Jenny Butler, Ryan Butler, and Kacie M. Highsmith are entitled to attorneys' fees on the dismissed claims pursuant to the Arbitration Agreement.</u>

On August 17, 2023, the Court granted in part Defendants Shelter, Jenny Butler, Ryan Butler, and Kacie M. Highsmith's motion to dismiss. (Dkt. No. 29). The Court found that "res

2

judicata bars Plaintiffs' claims for copyright infringement (claims 2-3); tortious interference with a contract (claim 11); defamation (claims 12-13); violation of SCUPTA (claim 14); and unjust enrichment (claim 16) against Defendants Shelter, Ryan Butler, Jenny Butler, and Kacie M. Highsmith." (*Id.* at 6). In so finding, the Court explained that "res judicata bars both the claims that were actually arbitrated (copyright act, tortious interference, SCUPTA, and unjust enrichment) and claims that could have been arbitrated (defamation)." (*Id.* at 10).

Here, Defendants move for the attorneys' fees associated with defending the dismissed claims. The Court finds that Defendants Shelter, Jenny Butler, Ryan Butler, and Kacie M. Highsmith are entitled to attorneys' fees pursuant to an Arbitration clause. The Arbitration clause provides:

> 17. ARBITRATION. All disputes arising out of or in connection with this Agreement or any transaction thereunder shall be finally settled under the Commercial Arbitration Rules of the American Arbitration Association . . . by an arbitrator appointed in accord with these Rules. The arbitrator's award shall be final and binding. Judgment upon the award rendered may be entered in any court having jurisdiction over the party against which the award is rendered. The parties expressly consent to the jurisdiction of the federal and state courts situated in Charleston, South Carolina for the purpose of enforcing any arbitration award . . . The arbitration shall include (i) a provision that the prevailing party in such arbitration shall recover its costs of the arbitration and reasonable attorneys' fees from the other party or parties . . .

(Dkt. No. 17-2 at 3).

As this Court has already stated in the related case, in which Plaintiff moved to vacate the arbitrator's award:

> The plain language of the contract describes the arbitration process to include any proceeding before an arbitrator as well as any court proceeding to enforce the arbitrator's award. The contract further provides for the prevailing party to be awarded reasonable attorney fees against the opposing party or parties. Courts have widely held that similar attorney fee provisions in arbitration contracts apply both to attorney fees incurred by the prevailing party in the

3

> proceeding before the arbitrator as well as any subsequent court proceeding to enforce the arbitrator's award. . . Moreover, even if a court were to view the language of the contract as ambiguous, the "basic contract law principle *contra proferentem* counsels that we construe any ambiguities in the contract against its draftsman." *Maersk Line, Ltd. v. United States*, 513 F.3d 418, 423 (4th Cir. 2008).

*Design Gaps, Inc. v. Shelter, LLC*, No. 2:22-cv-04698-RMG, Dkt. No. 15 (June 9, 2023).

This Court's reasoning in the related case applies in the present matter where the same contract and Arbitration are on the center stage. The arbitration clause provides that the prevailing party is entitled to reasonable attorneys' fees. In the motion to dismiss in this case, the Court found that Plaintiffs' Copyright Act, tortious interference, SCUPTA, unjust enrichment, and defamation claims are all barred by res judicata. (Dkt. No. 29). Thus, the Court finds that they are the prevailing party. In this present lawsuit, Defendants Shelter, Jenny Butler, Ryan Butler, and Kacie M. Highsmith have incurred attorneys' fees in defending this action to enforce the arbitrator's award. Accordingly, the Court finds, again, that attorneys' fees incurred in defending the Arbitration award falls within the language of the contract and Defendants Shelter, Ryan Butler, Jenny Butler, and Kacie M. Highsmith are entitled to reasonable attorneys' fees.

B. <u>Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss are not entitled to attorneys' fees under the Copyright Act, the Lanham Act, or the South Carolina Trade Secrets Act.</u>

On August 17, 2023, the Court granted Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss's motion to dismiss. (Dkt. No. 29). The Court found that "collateral estoppel bars Plaintiffs' claims for copyright infringement (claim 1); violation of the Lanham Act (claim 6); tortious interference with a contract (claim 10); violation of SCUPTA (claim 14); South Carolina Trade Secrets Act (claim 15); and unjust enrichment (claim 16) against Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss." (*Id.* at 11). Accordingly, Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss were dismissed from this action. Thereafter, Defendants filed a

4

motion requesting that "this Court issue an Order awarding Defendants' their attorneys' fees incurred defending against the claims and allegations dismissed by this Court." (Dkt. No. 33 at 1).

Importantly, the Court has already granted Defendants Shelter, Ryan Butler, Jenny Butler, and Kacie M. Highsmith motion for attorneys' fees supra on the dismissed claims pursuant to the arbitration clause. Defendants also move for attorneys' fees pursuant to the Copyright Act, Lanham Act, and South Carolina Trade Secrets Act. Consequently, the Court considers Defendants argument for attorneys' fees pursuant to these statutes solely as it relates to Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss.

1. The Copyright Act

Under the Copyright Act, a district court "in its discretion may allow the recovery of full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C.A. § 505. In determining whether attorneys' fees are appropriate under the Copyright Act, district courts are guided by the following factors: "(1) 'the motivation of the parties,' (2) 'the objective reasonableness of the legal and factual positions advanced,' (3) '"the need in particular circumstances to advance considerations of compensation and deterrence,"' and (4) 'any other relevant factor presented.'" *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994) (quoting *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir.1993)).

The first factor is the motivation of the Parties. Defendants argue that their "motives at the time of the alleged infringement were to complete the renovation projects at the Highsmiths' residence after Plaintiffs failed to do so" and "[i]n contrast, given the circumstances, Plaintiffs motivations in bringing this suit appear to be retaliatory against all the Defendants for independently completing the project after Plaintiffs' default and specifically against Distinctive

5

Design for testifying against Plaintiffs in the Arbitration." (Dkt. No. 33 at 6). Plaintiffs argue that they "merely wanted to exercise their right to have the claims surrounding the contributory and vicarious liability for infringement by the Defendants and the direct infringement by Distinctive Design and Defendant Bryan Reiss considered in some adjudicative forum, which the Fourth Circuit supports." (Dkt. No. 34 at 12).

The second factor is the objective reasonableness of the legal and factual positions advanced. Defendants argue that "Plaintiffs' legal and factual positions were patently unreasonable. Plaintiffs could not plausibly expect to succeed on their claims after utter failure in Arbitration." (Dkt. No. 33 at 6). Plaintiffs argue that "the Respondents in the arbitration were Shelter and the Highsmiths. The direct infringer of Plaintiffs' copyrighted works was Defendant Bryan Reiss of Distinctive Design. However, the Arbitrator refused to allow these parties to be named in the Arbitration." (Dkt. No. 34 at 12).

The third factor is the need in particular circumstances to advance considerations of compensation and deterrence. Defendants argue that "Plaintiffs should not be allowed to abuse the judicial system in retaliation against the Defendants without consequence. Awarding fees would also deter future plaintiffs from burdening the legal system with relitigation of disputes resolved in arbitration." (Dkt. No. 33 at 7). Plaintiffs argue that "in this case, it was the Defendants who willfully participated in the transfer and use of Plaintiffs' copyright plans", which means that "this factor does not favor the award of attorneys' fees." (Dkt. No. 34 at 13).

The fourth factor is any other relevant factor presented. Defendants "submit for the Court's consideration the fact that Plaintiffs filed an Amended Complaint that did not correct the deficiencies raised by Defendants' respective Motions to Dismiss." (Dkt. No. 33 at 7). Plaintiffs argue that they "believed and continue to believe that the Arbitrator refused to join the parties that

6

were responsible for the direct copyright infringement of Plaintiffs plans based on the Interim Order, and the Arbitrator's actions did not give Plaintiffs a full and fair opportunity to litigate the issue in the previous forum that is otherwise fully supported by the Fourth Circuit." (Dkt. No. 34 at 13).

It is clear to the Court that there is one central issue raised the Parties' arguments on each factor. As it relates to (1) the motivation of the Parties, (2) the objective reasonableness of the positions advanced, (3) the need for deterrence, and (4) any other relevant factor, the Parties are arguing about the propriety of Plaintiffs bringing this action after a final arbitrator award was issued and after this Court confirmed that award. As to Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss, who were not parties to the Arbitration, the Court finds that attorneys' fees are not appropriate. The American Rule supposes that a party may have to bear the costs of defending against weak cases. As Plaintiffs point out, "the Respondents in the arbitration were Shelter and the Highsmiths. The direct infringer of Plaintiffs' copyrighted works was Defendant Bryan Reiss of Distinctive Design. However, the Arbitrator refused to allow these parties to be named in the Arbitration." (Dkt. No. 34 at 12). Accordingly, Plaintiffs argue that the "Arbitrator's actions did not give Plaintiffs a full and fair opportunity to litigate the issue in the previous forum" such that they are entitled to assert their remaining claims which were not subject to the arbitration agreement. (*Id.* at 13).

Ultimately, Plaintiffs wanted a court to determine whether their claims against Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss were exterminated by the Arbitration. To be sure, intelligent lawyers, on the bench and bar, struggle with the thorny doctrines of res judicata and collateral estoppel. The effect of prior adjudication is often unclear, especially in the context of collateral estoppel. Plaintiffs pursued a losing legal theory, but the Court does not believe that

Plaintiffs' motivation was retaliatory, that Plaintiffs' arguments were objectively unreasonable, or that Plaintiffs' need to be deterred as it relates to Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss, who, again, were not parties to the Arbitration. Accordingly, the Court finds that Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss are not entitled to attorneys' fees under the Copyright Act.

2. The Lanham Act

Under the Lanham Act, a district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C.A. § 1117. District courts follow a three-part test to determine whether a case is "exceptional" within the meaning of § 1117(a):

> a district court may find a case exceptional and therefore award attorneys fees to the prevailing party under § 1117(a) when it determines, in light of the totality of the circumstances, that (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

*Citi Trends, Inc. v. Coach, Inc.*, 780 F. App'x 74, 80 (4th Cir. 2019) (quoting *Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015)).

The factors for finding an exceptional case under the Lanham Act touch on the same issues considered supra when the Court denied the motion to grant attorneys' fees under the Copyright Act: the propriety of Plaintiff bringing this action after a final arbitrator award, which was then confirmed by this Court. As this Court found supra, and based on that reasoning, the Court finds that as to Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss, attorneys' fees are not appropriate. Plaintiffs had a legal theory, they pursued it, and they lost. But the facts of this case do not convince the Court that this is an exceptional case under the Lanham Act. Accordingly, the

8

Court finds that Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss are not entitled to attorneys' fees under the Lanham Act.

3. South Carolina Trade Secrets Act

Under the South Carolina Trade Secrets Act, a district court "may award reasonable attorney's fees to the prevailing party" upon a finding of bad faith. S.C. CODE. ANN. § 39-8-80. Based on the Court's reasoning above, the Court also finds that Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss are not entitled to attorneys' fees under the South Carolina Trade Secrets Act as the Court had not found bad faith or even inappropriate motives.

IV. Conclusion

Based on the reasons set forth above, the Court grants in part Defendants' motion for attorneys' fees. (Dkt. No. 33). The Court finds that Defendants Shelter, Jenny Butler, Ryan Butler, and Kacie M. Highsmith are entitled to reasonable attorneys' fees incurred in defending the claims dismissed in the Court's August 17, 2023 Order. The Court finds that Defendants Distinctive Design, Bryan Reiss, and Wendy Reiss are not entitled to attorneys' fees under the Copyright Act, Lanham Act, or South Carolina Trade Secrets Act.

The Court orders Defendants Shelter, Jenny Butler, Ryan Butler, and Kacie M. Highsmith to provide documentation and evidence supporting their claim for attorneys' fees within 10 days of this Order, and Plaintiffs may file a response if they so desire concerning the fee award requested within 10 days thereafter.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard M. Gergel
United States District Judge

October 3, 2023
Charleston, South Carolina